IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

| | | |
|---|---|---|
| JOE PENA, SR., #837174 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. V-15-07 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Department of Criminal | § | |
| Justice, Correctional Institutions Division | § | |

**OPINION AND ORDER**

Before the Court, with the consent of the Parties, is the Motion for Summary Judgment of Respondent, William Stephens, the Director of the Texas Prison System; the Motion seeks the dismissal of the Petition for federal habeas relief of inmate Joe Pena, Sr.  The Motion must be granted.

Pena is serving a 30-year sentence for aggravated sexual assault of a child.  In his Petition, Pena asks the Court to invalidate his disciplinary conviction for possession of an alcoholic beverage and set aside the punishments assessed by the hearing officer. According to Pena, his due process rights were violated because, among other things, he was denied the right to call his cell-mate as a witness and the evidence against him was insufficient to support his conviction.[1]  Unfortunately, for Pena, he, like many Texas prisoners, misunderstands the legal limitations on habeas relief from disciplinary cases.

---

[1]     The Court notes, in passing, that the hearing officer accepted Pena's proffer of his cell-mates potential testimony and that the charging officer testified Pena admitted possessing the alcoholic beverage.

As unfair as it may seem to an inmate subjected to what appears to be a prejudicial disciplinary proceeding and decision, in cases like Pena's, the law first focuses on the punishment to see if it even qualifies for habeas consideration.   In Pena's case, his punishments do not.

Pena, represented by counsel substitute, pleaded guilty to the charge and following an 11 minute Evidentiary Hearing his punishment was assessed at a two line-class reduction, 45 days of cell restriction and the loss of 45 days of commissary and recreation privileges.   According to the United States Supreme Court, most of the hardships ordinarily imposed by prison disciplinary actions are simply a part of prison life and, as such, are not protected by the due process clause.   Sandin v. Connor, 515 U.S. 472, (1995).   As a result, Pena's loss of commissary and recreational privileges and his cell restriction do not qualify for habeas relief.   See Madison v. Parker, 104 F.3d 756, 768 (5th Cir. 1997).   As to his line-class demotion, Pena makes the common argument that it adversely affects his good-time earning capacity and, consequently, his eligibility for parole consideration.   While this argument has an aspect of common-sense, under well-settled law the argument is meritless.   Pena did not lose any good-time credits and the mere loss of the opportunity to earn good-time credits more quickly for parole "eligibility," is not a recognized liberty interest protected by the Constitution.   Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).   There is no constitutional right to the expectancy of parole under Texas law, Madison, 104 F.3d at 768, and the predictability of being

2

"granted" parole is simply too speculative to create a cognizable liberty interest in good-time earning capacity.  Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).  Pena's predicament simply does not qualify for habeas consideration.

It is, therefore, **ORDERED** that the Motion for Summary Judgment (Instrument no. 9) of Respondent, William Stephens, is **GRANTED** and the "Petition for Writ of Habeas Corpus" of Petitioner, Joe Pena, Sr., is **DISMISSED with prejudice**.

If Pena desires to appeal the dismissal of his Petition, he must first seek a Certificate of Appealability.  28 U.S.C. § 2253(c).  Because Pena's Petition is so clearly barred by well-settled law this Court hereby takes the expedient step to, *sua sponte*, **DENY** the issuance of a Certificate of Appealability to Pena.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  Consequently, if Pena intends to appeal he should submit a timely Application for a Certificate of Appealability directly to the United States Court of Appeals for the Fifth Circuit, 600 S. Maestri Place, New Orleans, Louisiana, 70130.

**DONE** at Galveston, Texas, this ____5th_____ day of August, 2015.

_____
John R. Froeschner
United States Magistrate Judge